## Hood *v*. Bell.

Opinion delivered May 18, 1908.

FENCES—SUBMISSION OF QUESTION TO VOTERS—FINALITY.—The act of May 23, 1901, authorizing the submission to the voters in Hempstead County and certain other territory of the question of adoption of a fence law at a special election, *"provided,* the county court of either of said counties may deem such special election necessary, and in the event such special election be not ordered and held prior to the next general election for State and county officers, the question shall then be submitted to the electors in each of said counties failing to hold such special election," contemplated the submission of the question to the voters at a special election to be called by the county court, or, in default thereof, its submission at the general election; but when the voters once voted on the question of adoption of the statute, the result was final.

Appeal from Hempstead Circuit Court; *Jacob M. Carter,* Judge; reversed.

*Sain & Sain,* and *W. S. McCain,* for appellant.

The vote on the question in 1902 was final and conclusive, and exhausted the authority to vote further on the question, unless plainly provided for in the act. 83 Ark. 443.

*McRae & Tompkins,* for appellee.

There is nothing in the act to negative the right to vote again. Cooley, Principles of Const. Law, p. 22-3 (Students' Series); 11 Cyc. 528; 99 U. S. 214, 218; 24 Conn. 174; 8 N. W. 591; 6 *Id.* 621.

McCulloch, J. This is an action in replevin to recover possession of a lot of hogs which were impounded pursuant to the terms of a statute passed May 23, 1901, to prohibit the running at large of hogs in Hempstead County and certain other territory mentioned in the statute. The point in the case is whether the statute in question was ever put in force in the territory where appellant's hogs were found running at large.

The act provides for submission to the voters, either at a special or general election, of the question whether or not it shall be put in force in the given territory, and that if it shall appear that a majority of the votes cast on the question are in favor of the law it shall be the duty of the county court or county judge

to make and enter an order declaring the law to be in force in the territory. The language of the statute bearing on the particular question before us is as follows: "Provided, the county court of either of said counties may deem such special election necessary, and in the event such special election be not ordered and held prior to the next general election for State and county officers, the question shall then be submitted to the electors in each of said counties failing to hold such special election."

The question of adopting the statute was submitted to the voters of Hempstead County at the general election in 1902, again at the general election in September, 1904, and at the presidential election in November, 1904, but did not receive a majority of the votes on the question at either of these elections. It was again voted on at the general election in 1906, and received a majority of the votes, whereupon the county judge made an order declaring the statute to be in force in the territory named.

It seems clear to us that the statute contemplated a submission of the question to the voters at a special election to be called by the county judge, or, in the event of his failure to call the election, that it be submitted finally at the next succeeding general election for State and county officers. The language of the statute does not reasonably admit of any other construction. It says that, "in the event such special election be not ordered and held prior to the next general election for State and county officers, the question shall *then* be submitted to the electors." This means the general election next succeeding the passage of the statute; and when the electors once voted on the question of adoption of the statute the result was final. Resubmission of the question to the voters was not provided for by the statute. No provision is made in the statute for giving notice of the election except in the event of a special election. Nor is there any provision for determining at what election the question shall be submitted, except the specific direction contained in the statute to the effect that if a special election be not called by the county judge then it shall be submitted at the next general election for State and county officers. Therefore it cannot be presumed that the Legislature intended that the question might be submitted every time and as often as the

election commissioners might see fit to print the question on the tickets at a general election.

It was doubtless within the power of the Legislature to provide for re-submission of the question of adoption of the statute by the voters, but a consideration of the language of the statute convinces us that such was not the intention.

Reversed and remanded with directions to enter judgment for appellant.